# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL ESTRADA, | CIVIL ACTION NO. 3:10-CV-1560 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| JOSEPH J. WASS, et al, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is a Motion for Summary Judgment by the "Flying J Defendants."[1] (Doc. 62.) In his Amended Complaint, Plaintiff Rafael Estrada alleges that he was injured as a result of being struck by a tractor trailer driven by Defendant Joseph J. Wass in the parking lot of the Flying J Travel Plaza ("Flying J") in New Milford, Pennsylvania. Estrada alleges claims for negligence against Wass, Defendant Wass Trucking Company, Inc., and the Flying J Defendants. In their motion for summary judgment, the Flying J Defendants assert that Estrada has failed to establish any duty, breach thereof, or causal connection between the alleged breach and any resulting injury. (Doc. 63 at 6.) Because the Flying J Defendants owed no duty to Estrada, as the danger of Wass' moving tractor trailer driving through Flying J's parking lot was both obvious and known to him, their motion for summary judgment will be granted

---

[1] The "Flying J Defendants" are Defendants Flying J, Inc.; Free VI LLC; Flying J, Inc. t/a and d/b/a/ Flying J Travel Plaza; Flying J PDG, Inc.; PDG, Inc.; FJI Management, Inc.; FJI II Management, Inc.; CFJ Properties, Individually and/or t/a and d/b/a Flying J Travel Plaza; Travel Plaza,LLC t/a and d/b/a Flying J Travel Plaza, and AFJ, LLC, a subsidiary of Flying J, Inc.

**I. Background**

At approximately 5:00 PM on October 29, 2008, Plaintiff Rafael Estrada, who worked as a truck driver, parked his truck in the parking lot of the Flying J Travel Plaza ("Flying J") in New Milford, Pennsylvania after fueling it with diesel fuel. (Pl.'s Statement of Material Facts, "Pl.'s SMF", ¶¶ 1–2, 4–5, 7; Estrada Dep. at 15:11–16.) It was still daylight at that time, and the weather conditions were "cloudy" but "fine." (*Id.* at ¶¶ 2, 4; Estrada Dep. at 36:6.) The parking lot of the Flying J was wet and "very congested." (Pl.'s SMF, ¶ 4; Wass Dep. at 37:16.) After parking, Estrada exited his truck and began walking alongside it toward Flying J's shop. (Pl.'s SMF ¶ 7.) Estrada, who had been to the New Milford Flying J approximately six (6) to eight (8) times before, was aware that the parking lot had no posted speed limit signs or lines directing pedestrians how or where to walk from the parking lot to the shop. (*Id.* at ¶¶ 10–11; Estrada Dep. at 109:4.) On his prior trips to the New Milford Flying J, he had been able to cross the parking lot without incident. (*Id.* at ¶ 12.)

After reaching the rear of his trailer, Estrada stopped and looked to his right and his left to see if any traffic was coming. (Estrada Dep. at 117:2–15.) Seeing no traffic, he walked approximately twenty (20) to twenty–four (24) feet toward the store and then saw a tractor trailer driven by Defendant Joseph J. Wass traveling through the parking lot at approximately ten (10) or twelve (12) miles per hour. (*Id.* at ¶¶ 7–8; Estrada Dep. at 112:21–25, 117:16–21.) Estrada, who frequented truck stops for a number of years prior to October 29, 2008, would always look for vehicles, including tractor trailers, when walking through the stops' parking lots. (Estrada Dep. at 112:1–16.) Estrada momentarily stopped walking upon seeing Wass's tractor trailer, which was approximately five (5) to seven (7) feet

2

away and had partially passed in front of him, and then changed direction by walking to his right. (*Id.* at 118:23–119:7, 120:4–7, 120:16–21.) He changed direction to go toward the store, which was to his right, and away from the tractor trailer, which was passing in front of him from right to left. (*Id.* at 119:10–12, 120:16–121:16.) Estrada continued walking until he was struck by the trailer of Wass's truck, which knocked him to the ground. (*Id.* at 121:22–25, 46:6–11.) The four tires on the fourth axle of the truck's left side dragged Estrada's legs on the parking lot. (*Id.* at 47:12–48:15.) Estrada suffered various injuries to his hip and legs and has undergone numerous medical treatments, including surgeries and rehabilitation, as a result of the incident. (Am. Compl., Doc. 13 at 6–7.)

On July 27, 2010, Estrada, a California resident, brought this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332. In his Amended Complaint, Estrada alleges claims for negligence against Wass, Defendant Wass Trucking Company, Inc., and the Flying J Defendants. With regard to the Flying J Defendants, he alleges that the accident and his resulting injuries were caused by the negligent conduct of their agents, servants, workmen, employees and/or owners, which included:

    a.    failure to prove clear and designated travel lanes for commercial motor vehicles while on the premises;

    b.    failure to implement proper routing or signaling of commercial motor vehicles while on the premises;

    c.    failure to have designated pedestrian zones for their sole use for travel between the Flying J Travel Center and the other facilities located on the premises;

    d.    failure to warn of the increased dangers posed to individuals on the premises because of [Defendants'] failures to implement procedures and rules to prevent injury described herein;

    e.    failure to design the property to facilitate the safe movement of

>   > commercial vehicles;
>   >
>   > f. failure to conduct adequate traffic studies to determine the movements, traffic flow and volume of commercial vehicles upon the property;
>   >
>   > g. failure to discover and warn of commercial motor vehicles making sudden and unexpected turns and transitions in order to maneuver the property;
>   >
>   > h. failure to protect against the known or knowable dangers alleged herein;
>   >
>   > i. failure to provide adequate security on the premises to control the movement of commercial vehicles;
>   >
>   > j. failure to maintain the premise in such a manner as to ensure the safety of its customers;
>   >
>   > k. failure to operate the premises in such a manner that its customers were not placed at a high risk of injury;
>   >
>   > l. failure to take any steps to protect the patrons of its premises when it knew or should have known that pedestrians were likely to be struck by other vehicles entering and maneuvering into the parking lot;
>   >
>   > m. failure to utilize speed limits and signs;
>   >
>   > n. failure to have adequate lighting in said parking area;
>   >
>   > o. failure to inspect the premises;
>   >
>   > p. inspecting the premises in an improper manner;
>   >
>   > q. failure to keep the premises in a safe condition for persons lawfully using it.

(Doc. 13 at 15–16.)

The Flying J Defendants moved for summary judgment on July 31, 2012, contending that Estrada has failed to establish any duty, breach thereof, or causal connection between an alleged breach of duty and Estrada's resulting injuries. (Doc. 63 at 6.) This motion is now

4

ripe and ready for the Court's review.

## II. Analysis

**A.     Legal Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the

5

nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed.R.Civ.P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**B.     Known or Obvious Danger**

To prevail on a cause of action in negligence under Pennsylvania law,[2] a plaintiff must establish:

> (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another.

*Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005). In other words, a plaintiff must show the usual (1) duty, (2) breach, (3) causation, and (4) damages. *See Farbaugh v. Pa. Turnpike Comm'n*, 590 Pa. 46, 911 A.3d 1264, 1272–73 (2006).

The Flying J Defendants first argue that they are entitled to summary judgment because Estrada has not established any duty that the Flying J Defendants owed to him. They argue that they did not owe Estrada any duty because the condition of Wass' tractor trailer moving through the Flying J's parking lot was both obvious and known to him.

A possessor of land is one "who is in occupation of land with intent to control it." RESTATEMENT (SECOND) OF TORTS § 328E(a) (1965). Pennsylvania has adopted the standard from the Restatement (Second) of Torts § 343 for when a possessor of land owes and breaches a duty to an invitee:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

---

[2] In this diversity action, Estrada's negligence claims are governed by Pennsylvania law.

7

(c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (SECOND) OF TORTS § 343; *see Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120, 123 (1983) (adopting RESTATEMENT (SECOND) OF TORTS § 343).

For the landowner's duty of reasonable care to attach, "the condition must be non-obvious. In addition, there is no duty if the [invitee] is in the same position as the landowner to discover the dangerous condition or if the [invitee] is the party that created the dangerous condition in the first place." *Warnick v. Home Depot U.S.A., Inc.*, 516 F.Supp.2d 459, 465–66 (E.D. Pa. 2007). The Restatement provides that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." RESTATEMENT (SECOND) OF TORTS § 343A; *see also Atkins v. Urban Redevelopment Auth. of Pittsburgh*, 489 Pa. 344, 352–53, 414 A.2d 100, 104 (1980) ("the law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee"). A danger is "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." RESTATEMENT (SECOND) OF TORTS § 343A, cmt. b. A "known" danger "must not only be known to exist, but it must also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." *Id.*

"Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Carrender*, 503 Pa. at 124 (citing RESTATEMENT

8

(SECOND) OF TORTS § 328B, cmts. c and d).

The Court finds that even when viewing the evidence in the light most favorable to Estrada, reasonable minds could not disagree on whether the danger of Wass' tractor trailer driving through Flying J's parking lot was known or obvious to Estrada. The evidence shows that prior to October 29, 2008, Estrada, who worked as a truck driver, frequented truck stops, including some six (6) to eight (8) visits to the New Milford Flying J. (Estrada Dep. at 15:11–16, 109:4, 112:1–4.) On that day, he was aware that the Flying J's parking lot had no posted speed limit signs or lines directing pedestrians where to walk from the parking lot to the store. (Pl.'s SMF ¶¶ 10–11.) In his deposition, Estrada testified that he always looked for moving vehicles and tractor trailers when walking through the truck stops' parking lots. (Estrada Dep. at 112:5–16.) He also testified that upon reaching the rear of his trailer on October 29, 2008, he stopped and checked for oncoming traffic before crossing the parking lot to reach the Flying J store. (*Id.* at 117:2–15.) After walking twenty (20) to twenty–four (24) more feet through the parking lot toward the store, Estrada saw Wass' tractor trailer, located some five (5) to seven (7) feet in front of him, traveling at approximately ten (10) to twelve (12) miles per hour. (Pl.'s SMF ¶ 8, Estrada Dep. at 112:22–25, 120:4–10.) He briefly stopped walking and then changed direction by walking to his right so as to go to the store and away from Wass' tractor trailer, which had partially passed in front of him from his right to his left. (Estrada Dep. at 118:23–119:7, 120:4–7, 120:16–21.) Estrada was then struck by Wass' tractor trailer. (*Id.* at 121:22–25.)

The danger posed by Wass' tractor trailer was obvious to Estrada, as he recognized the apparent condition and risk that it posed and exercised "normal perception, intelligence,

and judgment" in doing so. *See* RESTATEMENT (SECOND) OF TORTS § 343A, cmt. b. The evidence shows that Estrada, who was familiar with truck stops and the New Milford Flying J, looked for oncoming traffic before he started walking through the parking lot and stopped walking upon seeing Wass' tractor trailer in front of him. The danger posed by the tractor trailer was also known to Estrada. *See* RESTATEMENT (SECOND) OF TORTS § 343A, cmt. b. He demonstrated that he recognized the dangerousness of the moving tractor trailer and appreciated the potential grave harm that it could inflict upon him when he stopped walking upon observing it and changed his direction so as to walk around it and reach the store. Therefore, because reasonable minds could not disagree that the danger posed by Wass' tractor trailer was both known and obvious to Estrada, the Flying J Defendants owed no duty to him and are not liable for his injuries.

Plaintiff's arguments in support of the existence of a genuine issue of material fact do not suggest issues of fact so much as a set of safety standards for truck stop parking areas. However, the common law provides the standard to be used by courts in cases or controversies involving privately owned property and that standard is that of the duty of a landowner owed to an invitee. The elements of this standard are set out above. An element of the standard is that if the danger is open and obvious to the invitee (Mr. Estrada), the owner or occupier (Flying J) owes no duty to the invitee (Mr. Estrada). As noted, given the admitted openness and obviousness of the danger by and to Mr. Estrada, no reasonable jury can find a duty to Mr. Estrada, much less a breach thereof.

### III. Conclusion

Because the Flying J Defendants owed no duty to Estrada, as the danger of Wass' moving tractor trailer driving through Flying J's parking lot was both obvious and known to him, their motion for summary judgment will be granted.  An appropriate order follows.

November 21, 2012                                                    /s/ A. Richard Caputo
Date                                                                             A. Richard Caputo
                                                                                      United States District Judge